[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 10, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-11738

_____

D. C. Docket No. 05-01226-CV-RWS-1

ALLAN SELBST, on behalf of himself and all others
similarly situated,
AMALGAMATED BANK,
DEKA INVESTMENT GMBH,
DEKA INTERNATIONAL (IRELAND) LIMITED,
DEKA INTERNATIONAL S.A. LUXEMBERG,

Plaintiffs-Appellants,

versus

THE COCA-COLA COMPANY,
DOUGLAS N. DAFT,
STEVEN J. HEYER,
E. NEVILLE ISDELL,
GARY P. FAYARD,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(January 10, 2008)**

Before BIRCH, CARNES and COX, Circuit Judges.

PER CURIAM:

This appeal involves a securities fraud class action lawsuit in which the plaintiffs, those who purchased publicly-traded Coca-Cola Company securities between January 30, 2003 and September 15, 2004, allege that the defendants engaged in a series of false and misleading statements that artificially inflated the value of Coke stock. The plaintiffs appeal from the district court's dismissal of their complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failing to allege any actionable misstatements of material fact. See Amalgamated Bank v. Coca-Cola Co., No. Civ.A.1:05-CV-1226, 2006 WL 2818973 (N.D. Ga. Sept. 29, 2006). After a careful review of the record and consideration of the parties' briefs and oral arguments, we conclude that the dismissal of the plaintiffs' claims was proper for essentially those reasons discussed at some length in the district court's well-reasoned opinion. We will not repeat the reasoning here, but do make one clarification.

In dismissing the plaintiffs' allegation that the defendants violated Generally Accepted Accounting Principles by failing to write down the value of Coke's impaired German bottling assets in a timely manner, the district court's opinion spends some time summarizing the defendants' arguments "that FAS 144 did not allow CCC to recognize an impairment prior to September 2004" and that Coke's

2

SEC disclosures "reflect that CCC 'evaluated the impact' of the changing conditions in Germany and determined that no asset impairment was needed." Id. at *13. Although we believe that the district court was merely recounting the arguments made by the defendants in support of their motion to dismiss, we note that such arguments are too "fact-based and . . . therefore insufficient to support a motion to dismiss." Barrie v. Intervoice-Brite, Inc., 397 F.3d 249, 257 (5th Cir. 2005).

Nonetheless, the district court correctly determined that the plaintiffs had failed to plead with particularity a violation of FAS 144. Although the court was required to accept the allegations that were pleaded with particularity in the plaintiffs' complaint as true at this stage of the proceedings, as it noted, "Here, besides broadly alleging that the conditions in Germany were such that Defendants knew the value of their German franchise rights had declined, and besides pointing in hindsight to an impairment charge taken in 2004, Plaintiffs do not allege that the FAS 144 tests conducted by CCC in 2003 and the first-half of 2004 were either fraudulent in and of themselves, or fraudulently reported in CCC's financial disclosures." Amalgamated Bank, 2006 WL at *16.

The plaintiffs contend that in reaching this conclusion the district court erred by considering Coke's SEC documents for the truth of the matters they asserted,

but we are not persuaded that the court used those documents improperly. In

Bryant v. Avado Brands, Inc., 187 F.3d 1271 (11th Cir. 1999), this Court held that

it is permissible for courts to take judicial notice of SEC filings at the 12(b)(6)

stage in securities fraud cases "for the purpose of determining what statements the

documents contain." Id. at 1278. This Court also made clear in Bryant, however,

that in that case it had "no occasion to address whether or not SEC documents

might be judicially noticed in some other case where the truth of those documents

was at issue." Id. at 1278 n.10. Thus, although Bryant established that courts may

consider publicly-filed SEC documents at the 12(b)(6) stage in the securities fraud

context in order to determine what statements those documents contain, it did not

resolve whether the documents may also be considered to prove the truth of the

matter asserted therein.

We need not resolve that issue here either, because we are convinced that

the district court did not consider the contents of the SEC filings for the truth of the

matters asserted. Instead, the court merely took judicial notice of the very

documents in which Coke had made representations concerning the plaintiffs'

allegations of an FAS 144 violation in order to ascertain what statements those

documents contained. Doing so was certainly permissible, as our holding in

Bryant establishes; indeed, doing so was necessary to decide the motion. We are

4

convinced that the district court dismissed the plaintiffs' claim, not because it presumed Coke's representations in its SEC filings to be true, but instead because the plaintiffs' complaint fails to plead with particularity a violation of FAS 144.

**AFFIRMED.**